IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CR No.: 3:13-758-JFA |
| ) | |
| v. ) | MEMORANDUM |
| ) | OPINION AND ORDER |
| ALVIS DAMON WILLIAMS ) | |
| _____ ) | |

This matter is before the court upon the defendant's motion for compassionate release pursuant to the First Step Act[1] and 18 U.S.C. § 3582(c)(1)(A). The government has responded in opposition, the defendant has replied thereto, and the matter is ripe for review. For the reasons which follow, the defendant's motion is denied (ECF No. 143). The defendant's motion for appointment of counsel is denied as well (ECF No. 147).[2]

I. PROCEDURAL HISTORY

After a trial in February 2014, a jury found the defendant guilty of possession with intent to distribute crack cocaine and cocaine (Count 1); being a felon in possession of a firearm and ammunition (Count 2); and being in possession of a firearm in furtherance of a

---

[1] Pub. L. 115-015 (S. 756), 132 Stat. 015 (Dec. 21, 2018).

[2] There is no general constitutional right to appointed counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Williamson*, 706 F.3d 405, 416 (4th Cir. 2013). The court has discretion to appoint counsel in proceedings under 18 U.S.C. § 3582(c) if the interests of justice so require. *See United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000); *see also United States v. Reed*, 482 F. App'x 785, 786 (4th Cir. 2012); cf. 18 U.S.C. § 3006A (providing interests of justice standard for appointment of counsel in similar post-conviction proceedings).

The defendant, however, is capable of requesting compassionate release on this basis without the assistance of counsel, and the defendant has not otherwise established that the interests of justice require appointment of counsel in these circumstances. Indeed, the defendant has filed this *pro se* motion for compassionate release pending before this court.

1

drug trafficking crime (Count 3).

A Presentence Report (PSR) (ECF No. 95) was prepared by the United States Probation Office using the 2013 Guidelines manual. The PSR was ultimately adopted by this court. Under the United States Sentencing Guidelines (USSG) provisions, the defendant's total offense level was 26 and his criminal history category was V. Absent the mandatory minimum sentence of 120 months on Count 1, the guideline range would have been 110 to 137 months. As to Count 3, the minimum statutory sentence was 60 months, to run consecutive to any other term of imprisonment imposed. This court ultimately sentenced the defendant to 180 months imprisonment consisting of 120 months each as to Counts 1 and 2 to run concurrent, and 60 months as to Count 3, to run consecutive.

The defendant filed a direct appeal of his conviction and sentence with the Fourth Circuit Court of Appeals (No. 14-4502). On December 3, 2015, the Fourth Circuit rejected the defendant's arguments and affirmed this court's decision. *United States v. Williams*, 629 F. App'x 547 (4th Cir. 2015).

On February 23, 2017, the defendant filed a motion pursuant to 28 U.S.C. § 2255 claiming ineffective assistance of counsel. The court granted the government's motion for summary judgment and denied the defendant's motion (ECF No. 137). This court also denied the defendant's motion to reconsider.

## II. LEGAL STANDARD

Title 18, United States Code, Section 3582(c)(1)(A), as amended by the First Step Act of 2018, permits a defendant to seek a modification of his sentence for extraordinary and compelling reasons, if the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). The defendant bears the burden to establish that he or she is eligible for a sentence reduction. *United States v. Jones*, 836 F.39 896, 899 (8th Cir. 2016).

The defendant attests that he submitted a request for compassionate release to the Warden more than 30 days before he filed his present motion. It appears that the defendant has exhausted his administrative remedies and the court will proceed to review the matter on the merits.[3] Even if the defendant meets the eligibility criteria for compassionate release, this court retains discretion as to whether to grant relief. *See* 18 U.S.C. § 3582(c)(1)(A) (providing the court *may* reduce the term of imprisonment) (emphasis added).

The Sentencing Commission has issued a non-binding policy statement addressing motions for reduction of sentences under § 3582(c)(1)(A). As is relevant here, the non-binding policy statement § 1B1.13 provides that a court may reduce the term of

---

[3] Although the government first argued that the defendant failed to exhaust his remedies, the defendant has provided a copy of his second request of October 14, 2020 to the Warden, with a reply from the Warden that his request was sent to the compassionate release coordinator for review. Thus, the court is satisfied that the defendant has exhausted his remedies.

imprisonment after considering the § 3553(a) factors if the court finds that: (i) extraordinary and compelling reasons warrant the reduction; (ii) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (iii) the reduction is consistent with this policy statement.

In addition to the non-binding policy statement, the Fourth Circuit has recently clarified that courts may make their own independent determinations as to what constitutes "extraordinary and compelling reasons" to warrant a reduction of sentence under § 3582(c)(1)(A). *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020). Although *McCoy* broadened a court's discretion under § 3582(c)(1)(A), it nonetheless appeared to envision a system whereby courts continue to be guided by the existing policy statement of the Sentencing Commission.

The application note to § 1B1.13 specifies the types of conditions that qualify as extraordinary and compelling reasons, including the types of medical conditions that qualify as extraordinary and compelling reasons for release.

As is relevant here, the standard is met if the defendant is: (I) suffering from a serious physical or medical condition; (II) suffering from a serious functional or cognitive impairment; or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover. U.S.S.G § 1B1.13, cmt. n.1(A)(ii).

### III. DISCUSSION

*The Defendant's Motion for Compassionate Release*

On September 11, 2020, the defendant filed his motion for compassionate release (ECF No. 143). The defendant states that he is pre-diabetic, obese, and has some type of stomach disease. He also notes that his mother takes care of his daughter and that his mother has health issues as well. The defendant indicates that he is in college, he has earned various certificates while incarcerated, and that he has two employers who are willing to hire him when he is released.

In his reply (ECF No. 149) to the government's opposition memorandum, the defendant argues that he does not pose a threat to the community and that he has never committed any dangerous crimes. He states that although he was convicted of possessing a firearm, the firearm was not found on his person. He admits that he has received disciplinary reports while incarcerated, but argues there was no violence involved and that he has been a model inmate for two years. The defendant provides copies of his various certificates of completion of education courses. Indeed, the defendant has successfully earned his GED while at the BOP.

In a letter to the court dated November 16, 2020, (ECF No. 150), the defendant informs the court that he "just had hernia surgery" and that no one ever came to check on him due to the lockdowns. On January 29, 2021, the defendant filed copies of his sealed medical records relating to his hernia surgery and various BOP clinical encounter notes from 2020.

The defendant is 34 years of age and his projected release date is May 2027. He is presently incarcerated at the Federal Correctional Institution Gilmer in West Virginia.

The government has responded in opposition to the defendant's motion. The government suggests that the defendant meets the threshold test of a medical condition with regard to his body mass index (BMI) of more than 30.[4] The government states, however, that the defendant's medical ailments are well-controlled and do not present any impediment to his ability to provide self-care in the institution.

As for the defendant's claim that his mother (who is the caretaker of his daughter) also suffers from medical conditions that place her at risk of contacting COVID-19, the government argues that the defendant provides no medical documentation in support of her health status and thus fails to present any extraordinary or compelling reason for release under the catch-all provision of note 1(D) which might relate to his mother and the care of his daughter. This court agrees.

The government notes that the defendant has received disciplinary infractions for possessing marijuana; stealing food; lying to staff; and being in an unauthorized area while imprisoned at the BOP.

The government also opposes the defendant's alternative request for an order directing the BOP to transfer him to home confinement because the court lacks statutory authority to do so.[5] This court agrees and denies relief under the CARES Act.

---

[4] The government notes that the defendant is likely obese with a body mass index greater than 30 and a height of 6 feet and weight of 270 pounds per the BOP medical records.

[5] To the extent that the defendant seeks to have this court direct the BOP to place the defendant in home confinement, this court is without authority to do so. The discretion to release a prisoner to home confinement lies solely with the Attorney General. *See* 18 U.S.C. § 3624(c)(2); 34 U.S.C. § 60541(g). The legislation recently passed by Congress to address the COVID-19 pandemic does not alter this. See CARES Act, Pub. L. No. 116-136, 134 Stat 281, 516 (2020) ("During the covered emergency period, if the Attorney

In its opposition memorandum, the government sets forth a comprehensive discussion of the strenuous measures the BOP is taking to mitigate the risks of COVID-19. This court would observe that the mere existence of the COVID-19 pandemic (which poses a general threat to every non-immune person in the country) does not fall into one of the categories and therefore could not alone provide a basis for a sentence reduction. The categories encompass specific serious medical conditions afflicting an individual inmate, not generalized threats to the entire population.

Although the government suggests that the defendant meets the threshold test of a medical condition defined in note 1(A), the government argues that the defendant's medical ailments are well controlled and do not present any impediment to his ability to provide self-care in the institution. The government also argues that the defendant's medical conditions are appropriately managed at the facility.

The government suggests that the defendant would pose a danger to public safety if released and states that the BOP has given the defendant a high risk recidivism score. The government contends that the defendant's § 3553(a) factors strongly disfavor a sentence reduction as a result of his drug crimes (including crimes while on supervised release), the involvement of a firearm in the drug trafficking activity, and the continued engagement in unlawful drug activity while at the BOP.

---

General finds that emergency conditions will materially affect the functioning of the Bureau [of Prisons], the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate.")

In the medical records provided by the defendant, hospital notes dated October 21, 2020 from the defendant's hernia surgery indicate a history of recurrent umbilical hernia for several years and gastroesophageal reflux disease (GERD) for which he takes Omeprazole daily. The defendant denied any other issues to the health care provider. There is no mention of diabetes or other serious medical issues. Although there is a note from the anesthesia pre-op evaluation noting "obesity," the defendant's weight was down from 270 to 255 pounds and his BMI is 33.19. His heart rate and lungs were normal. The discharge summary noted that the defendant/patient tolerated the hernia repair surgery well and was brought to the recovery room in good condition.

The defendant's claimed medical conditions of being pre-diabetic and obese appear to be well-controlled at the BOP and do not limit the defendant's ability to take care of himself at the BOP. Indeed, now that the defendant's hernia has been repaired, the defendant's complaints of constipation and stomach cramping will hopefully be resolved.

As the court finds that no extraordinary and compelling reason exists to persuade the court to grant the defendant's motion for compassionate release, it is not necessary for the court to address the § 3553(a) and § 3142(g) factors.

## IV.  CONCLUSION

After carefully considering the applicable law and policy statements, the briefs of the parties, and the record before it, the court concludes that the defendant has not met his burden of establishing that he is eligible for compassionate release under § 3582(c)(1)(A).

Accordingly, the defendant's motion (ECF No. 1121) is respectfully denied without prejudice.

IT IS SO ORDERED.

March 11, 2021  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge